REISSUED FOR PUBLICATION
NOVEMBER 7, 2018
OSM
U.S. COURT OF FEDERAL CLAIMS

# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 16-1446V
### (Not to be Published)

```
* * * * * * * * * * * * * * * * * * * * * * * * *
INDIGO GRANT, as parent and natural    *
guardian of infant, M.G.,              *
                                       *
                Petitioner,            *
                                       *
v.                                     *
                                       *
SECRETARY OF HEALTH AND                *
HUMAN SERVICES,                        *
                                       *
                Respondent.            *
                                       *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

Special Master Corcoran

Dated: September 18, 2018

Attorney's Fees and Costs;
Interim Fees.

*Bruce William Slane*, Law Office of Bruce W. Slane, P.C., White Plains, NY, for Petitioner.

*Daniel Anthony Principato*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING INTERIM AWARD OF ATTORNEY'S FEES AND COSTS[1]

On November 2, 2016, Indigo Grant filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] She alleges that her son, M.G., suffered from various skin conditions (including a staph infection, skin lesions, and a rash) as a result of receiving the Hep B vaccine on November 6, 2013, unspecified vaccines in December

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012)). **This means that the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

of 2013, and the DTaP, IPV, Hep B, Hib, and pneumococcal vaccines received on January 16, 2014. Petition (ECF No. 1) ("Pet.") at 1. After the filing of medical records, Respondent's Rule 4(c) Report, and a round of initial expert reports from both sides, Petitioner reported that her current counsel would be withdrawing.

In light of the above, Petitioner has requested an interim award of attorney's fees and costs for her current counsel in the total amount of $59,524.63 (representing $52,132.45 in attorney's fees, plus $7,392.18 in costs). *See generally* Motion for Interim Attorney's Fees and Expenses, filed August 24, 2018 (ECF No. 40) ("Interim Fees App."); Ex. A to Interim Fees App.[3]

Respondent reacted to the motion on September 5, 2018, deferring to my discretion as to whether Petitioner has met the legal standards for an interim fees and costs award. *See* Response, dated Sept. 5, 2018 (ECF No. 39) at 2. Respondent otherwise represents that the statutory and other legal requirements for an award of attorneys' fees and costs are met, and he recommends that if an interim award is appropriate, I calculate a reasonable award. *Id*. at 2-3.

For the reasons stated below, I hereby **GRANT** Petitioner's Motion in full, awarding at this time interim fees and costs in the total amount of **$59,524.63.**

## Procedural History

This action has been pending for just under two years. Pet. at 1. As the billing invoices submitted in support of the fees application reveal, Petitioner's attorney, Bruce Slane, Esq., began working on the matter on May 18, 2015, seven months before the case was filed. *See* Ex. A to Interim Fees App. at 1-2. The case thereafter proceeded with Petitioner filing her medical records and final statement of completion by May 31, 2017 (ECF No. 16), and Respondent filing his Rule 4(c) Report on July 31, 2017 (ECF No. 18).

The parties participated in a status conference on August 23, 2017, at which time I set October 31, 2017, as the deadline for Petitioner to file an expert report. *See* Non-PDF Order, dated Aug. 23, 2017. Petitioner requested one extension of time, which I granted, before filing a report from Dr. Alan Levin on November 21, 2017 (ECF No. 26-1). Respondent filed a responsive report from Dr. Markus Boos on April 10, 2018 (ECF No. 31-1). Thereafter, I set a deadline for Petitioner to file a supplemental report. *See* Non-PDF Order, dated May 14, 2018. Following attempts to obtain that supplemental report (which is still outstanding), Petitioner's counsel filed the present fees application on August 24, 2018, along with a motion to withdraw on August 30, 2018 (ECF

---

[3] Counsel's motion for interim fees actually requests reimbursement for $52,512.45 in attorney's fees—$380.00 more than the amount logged in counsel's billing worksheet. *See* Ex. A to Interim Fees App. at 45 (requesting $52,132.45 in attorney's fees); *but see* Interim Fees App. at 1. Upon review, I find the amount noted in counsel's billing log to be the justified sum to be considered herein. Thus, I will treat <u>$52,132.45</u> as the total sum requested for attorney's fees in this matter, rather than the higher sum.

Nos. 40, 41).

Petitioner specifically requests that Mr. Slane be compensated at a rate of $300 per hour for work performed in 2015; $325 per hour for work performed in 2016; $335 per hour for work completed in 2017; and $345 per hour for work completed in 2018. Ex. A to Interim Fees App. at 43. For the work of associate attorney Jimmy Zgheib, Petitioner requests $200 per hour for work performed in 2015 (with increases to $215 per hour for 2016, and $225 per hour for 2017). *Id.* Petitioner also requests rates of $215 per hour, and $225 per hour, for the work of associate attorney AnnMarie Sayad completed in 2016-2017, respectively. *Id.* Finally, Petitioner requests $200 per hour for associate attorney Christian Martinez for work completed in 2017-2018. *Id.* For the work of paralegals and law clerks, Petitioner requests compensation at rates ranging from $140-145 per hour for work performed from 2015-2016 and $140-148 per hour for work performed in 2017-2018. *Id.* The total amount of fees requested amounts to $52,132.45. Ex. A to Interim Fees App. at 45. Petitioner additionally requests $7,392.18 in attorney's costs (for obtaining medical records, expert fees, travel related expenses, and miscellaneous costs). *Id.* Petitioner does not request personal costs in connection with this matter. *See* Interim Fees App. at 5.

## ANALYSIS

### I.     Legal Standard Applicable to Interim Fees and Costs Requests

I have previously discussed at length the legal standards, and other relevant considerations, applicable to interim fees requests. *See generally Auch v. Sec'y of Health & Human Servs.*, No. 12-673V, 2016 WL 3944701, at *6-9 (Fed. Cl. Spec. Mstr. May 20, 2016). The best way of evaluating the propriety of an interim award is by considering all the factors together and balancing them out. *See, e.g., Al–Uffi v. Sec'y of Health & Human Servs.*, No. 13-956V, 2015 WL 6181669, at *5-6 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). In addition, as numerous special masters have observed, an attorney's withdrawal can be an appropriate occasion for an interim award, even though it is not automatically so. *Smirniotis v. Sec'y of Health & Human Servs.*, No. 14-617V, 2016 WL 859057, at *2 (Fed. Cl. Spec. Mstr. Feb. 12, 2016) (citations omitted).

Overall, I find that this case's circumstances justify an interim award. Compensating withdrawing counsel assists the efficient resolution of a matter, taking off the table an issue that would inevitably have to be addressed at a later date. I also do not find that withdrawal here is a signal of the claim's weakness. The underlying claim's reasonable basis has not yet been called into question, nor has Respondent otherwise objected to the magnitude of fees and costs requested. While the obtaining of a supplemental expert report in this case will likely be necessary if Petitioner is to prevail, the overall *strength* of her claim is not the measure of reasonable basis; rather, it is whether there is *some* objective support for the claim. Here, there is. In the exercise of my discretion, I find it appropriate to reimburse withdrawing counsel under such circumstances.

3

## II.      Amounts Requested for Petitioner's Attorneys

I must now determine the magnitude of Petitioner's interim attorney's fee award. Whether a fee award is made on an interim basis or after a case's conclusion, the requested sum must be "reasonable." Section 15(e)(1). Special masters may in their discretion reduce attorney hours *sua sponte*, apart from objections raised by Respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208-09 (2009); *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992) (special master has "wide discretion in determining the reasonableness" of attorney's fees and costs).

Determining the appropriate amount of an award of reasonable attorney's fees is a two-part process. The first part involves application of the lodestar method – "multiplying the number of hours reasonably expended[4] on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347-48 (2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429-37 (1983).

Petitioner asks that the attorneys and paralegals who worked on this matter be reimbursed at varying rates for work performed from 2015-2018, as detailed above.[5] Mr. Slane and his associates practice in White Plains, NY, a city squarely within the New York City metropolitan region. I have previously found that attorneys practicing in this region are entitled to the forum rates established in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL

---

[4] An attorney's reasonable hourly rate is more precisely understood to be the "prevailing market rate" in the relevant forum. *Avera*, 515 F.3d at 1349; *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *2 (Fed. Cl. Spec. Mstr. July 27, 2009), *mot. for rev. denied*, 91 Fed. Cl. 453 (2010), *aff'd*, 632 F.3d 1381 (Fed. Cir. 2011). That rate is in turn determined by the "forum rule," which bases the award rate on rates paid to similarly qualified attorneys in the forum where the relevant court sits (Washington, D.C., for Vaccine Program cases). *Avera*, 515 F.3d at 1348. After the hourly rate is determined, the reasonableness of the total hours expended must be considered. *Sabella*, 86 Fed. Cl. at 205-06. This reasonableness inquiry involves consideration of the work performed on the matter, the skill and experience of the attorneys involved, and whether any waste or duplication of effort is evident. *Hensley*, 461 U.S. at 434, 437.

In some cases, determining the proper hourly rate for a particular attorney requires consideration of whether there is a significant disparity between the forum rate applicable to the Vaccine Program generally and the geographic forum in which the attorney practices, in order to adjust the rate used for the lodestar calculation. *Avera*, 515 F.3d at 1349, (citing *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)). This "Davis" exception is inapplicable here, however, because I have previously found the attorneys in question should receive forum rates.

[5] Of note, Mr. Slane's firm has been awarded the above-requested rates in Program SPU cases. *See, e.g.*, *Ali v. Sec'y of Health & Human Servs.*, No. 17-0289, 2018 WL 3991173, at *1 (Fed. Cl. Spec. Mstr. Apr. 12, 2018); *Lory v. Sec'y of Health & Human Servs.*, No. 16-0220V, at *1 (Fed. Cl. Spec. Mstr. Oct. 19, 2016).

5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).[6] *See, e.g., Williams v. Sec'y of Health & Human Servs.*, No. 15-997V, 2017 WL 5374192, at *1 (Fed. Cl. Spec. Mstr. Oct. 18, 2017) (New York City attorney found to be in-forum).

Other special masters have similarly held that attorneys in New York City and the surrounding suburbs are entitled to forum rates, as the rates are not significantly lower than those rates awarded to attorneys practicing in Washington, D.C. *See, e.g., Echevarria v. Sec'y of Health & Human Servs.*, No. 15-100V, 2016 WL 6872975, at *3 (Fed. Cl. Spec. Mstr. Oct. 28, 2016) (awarding forum rate to attorney in Piermont, NY); *Rowan v. Sec'y of Health & Human Servs.*, No. 10-272V, 2014 WL 3375588, at *2 (Fed. Cl. Spec. Mstr. June 19, 2014) (same). Piermont, NY, for example, is (like White Plains) located within the New York City metro area. Accordingly, I will award Mr. Slane and his associates the forum rates requested in this matter.

The majority of the hours expended on this matter appear to be reasonable for a case that has lasted roughly two years and required expert reports. This case has also proceeded in a timely fashion, and Petitioner's counsel efficiently used his time to collect the necessary medical records and medical literature relevant to this case. I do not find any particular billing entries to be objectionable, nor has Respondent identified any as such. Therefore, the requested attorney's fees will be reimbursed in full.

## III.    Requested Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are *reasonable*. *Perreira*, 27 Fed. Cl. at 34; *Presault v. Sec'y of Health & Human Servs.*, 52 Fed. Cl. 667, 670 (2002). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Human Servs.*, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to carry their burden, such as by not providing appropriate documentation to substantiate a requested cost, special masters have refrained from awarding compensation. *See, e.g., Gardner-Cook v. Sec'y of Health & Human Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

The requested costs can be sorted into three different categories—costs to obtain medical records (including mailing and copying charges), travel costs, and expert costs. As to expert costs, Petitioner requests a total of $5,800.00 for an expert review conducted by Dr. Alan Levin that resulted in a filed expert report. *See* Ex. A to Interim Fees App. at 44-45. Dr. Levin billed for 14.5 hours of work at a rate of $400 per hour. *See* Ex. B to Interim Fees App. at 132. I have awarded

---

[6] The *McCulloch* forum rate ranges have since been compiled into a list and posted to the Vaccine Claims section of the United States Court of Federal Claim website. The forum hourly rate fee schedule can be accessed at http://www.uscfc.uscourts.gov/vaccine-programoffice-special-masters ("OSM Hourly Rate Chart").

Dr. Levin a rate of $400 per hour in my past decisions.  *See, e.g.*, *Atnip v. Sec'y of Health & Human Servs.*, No. 14-1006V, 2016 WL 4272057, at *6-7 (Fed. Cl. Spec. Mstr. July 6, 2016). In addition, based on my own review, I find that Dr. Levin's report offered reasonable guidance to counsel in reviewing the case. I will therefore compensate him in full for his work on this matter at the rate requested.

I will similarly award the remainder of costs requested herein. Paralegal and law clerk work performed on this matter seems to have been reasonable in scope overall, and the hourly rates requested are consistent with my prior determinations. The copying, filing, and other litigation-related costs are also reasonable, and unopposed in substance by Respondent. Therefore, I will award a total of $7,392.18 in costs related to the above-captioned matter.

## CONCLUSION

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of interim fees awards, and based on the foregoing, I **GRANT** Petitioner's Motion for Interim Attorney's Fees in full. I therefore award a total of **$59,524.63** in interim fees and costs as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Mr. Bruce Slane, Esq., representing attorney's fees in the amount of $52,132.45, plus costs in the amount of $7,392.18.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[7]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.