# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 16-1446V
(not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * * * *
INDIGO GRANT, as parent and natural      *
guardian of infant, M.G.,                *
                                         *
                Petitioner,              *       Filed: January 18, 2019
                                         *
        v.                               *
                                         *       Dismissal; Failure to Adhere
SECRETARY OF HEALTH                      *       to Orders; Expert Report
AND HUMAN SERVICES,                      *
                                         *
                Respondent.              *
                                         *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

*Indigo Grant,* Middletown, NY, *pro se* litigant.

*Daniel Principato*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION DISMISSING CASE FOR INSUFFICIENT PROOF AND FAILURE TO PROSECUTE[1]

On November 2, 2016, Indigo Grant filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] She alleged that her son, M.G., suffered from various skin conditions (including a staph infection, skin lesions, and a rash) as a result of receiving the Hep B vaccine on November 6, 2013, unspecified vaccines in December of 2013, and the DTaP, IPV, Hep B, Hib, rotavirus, and pneumococcal vaccines received on January 16, 2014. Petition (ECF No. 1) ("Pet.") at 1.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012)). **This means that the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its current form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Fed Ex 8136 4199 5790

Respondent's Rule 4(c) Report, dated July 31, 2017, denied that compensation was appropriate, arguing that (a) any rash/skin reaction M.G. experienced occurred too long after the first vaccination to be causal, and (b) the symptoms in question appeared to be atopic eczema rather than something suggestive of a vaccine reaction. ECF No. 18 at 8-9. Petitioner subsequently amended her petition to add a claim of significant aggravation (to the extent onset was determined to fall too long after the Hep B vaccine's administration in November 2013). Amended Petition, dated December 12, 2017 (ECF No. 29).

After the filing of medical records, Respondent's Rule 4(c) Report, and a round of initial expert reports from both sides, Petitioner's counsel withdrew in August 2018, and she subsequently proceeded as a *pro se* litigant. At that time, however, there remained an outstanding order I had issued prior to counsel's withdrawal requiring Petitioner to file a supplemental expert report in this case. *See* Order, dated April 20, 2018 (docket entry). Petitioner's initial expert, Dr. Alan Levin (a pathologist and immunologist), had filed an expert report that only cursorily addressed the significant aggravation aspect of Petitioner's claim, and was otherwise conclusory in its nature and analysis. *See* Report, filed November 21, 2017 (ECF No. 26-1). Respondent's expert, by contrast (Dr. Markus Boos, a pediatric dermatologist), offered a well-supported opinion that M.G.'s rash was merely atopic dermatitis, and that the record did not corroborate Petitioner's allegations that M.G.'s symptoms were aggravated after his December 2013 or January 2014 vaccinations. *See* Report, filed April 10, 2018 (ECF No. 31-1). I therefore had ordered Petitioner to obtain a supplemental expert, preferably from a dermatologist, to comment on Dr. Boos's opinion or otherwise supplement the existing opinion of Dr. Levin (who did not have demonstrated expertise with dermatologic issues).

My April Order seeking a supplemental report went unsatisfied for several months.[3] After counsel indicated in the summer of 2018 his wish to withdraw from representation, however, I held a status conference with counsel in late August 2018. At that time, I allowed Petitioner a brief extension, setting September 28, 2018, as the new deadline for the supplemental report. I also warned Petitioner that (because of my view that she could not prevail solely based on the opinion of Dr. Levin), the case risked dismissal if she did not obtain and file the long-overdue supplemental report. *See* Scheduling Order, dated August 21, 2018 (ECF No. 38).

This second deadline for an expert report also passed without action on Petitioner's part. I therefore held a status conference with Petitioner herself, at which time I explained to her the need for the supplemental report, and again informed her that dismissal was likely if my prior order was not complied with. *See* Scheduling Order, dated October 3, 2018 (ECF No. 49). I provided Petitioner yet another extension of time in which to file the supplemental report, now setting it as due on November 30, 2018. *Id.* at 2.

---

[3] After providing the Petitioner a chance to determine how long she would need, I issued an Order setting July 31, 2018, as the deadline for the supplemental expert report. *See* Order, dated May 14, 2018 (docket entry).

Petitioner missed this deadline as well, nor did she indicate how she intended to proceed with the case (for example, via a ruling on the existing record and based solely on Dr. Levin's report). Accordingly, on December 6, 2018, I issued an Order directing Petitioner to file the supplemental expert report immediately. *See* Order, dated Dec. 6, 2018 (ECF No. 51). Petitioner missed this deadline as well. I therefore ordered Petitioner to show cause why the case should not be dismissed for failure to adhere to my orders. *See* Order to Show Cause, dated December 17, 2018 (ECF No. 52). Petitioner has not responded to this last Order either.

Ms. Grant's claim may properly be dismissed for her repeated failures to comply with my orders. A petitioner's inaction and failure to abide by a special master's orders risks dismissal of a claim. *Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439 (1992), *aff'd per curiam*, 991 F.2d 810 (Fed. Cir. 1993); *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503 (1996); Vaccine Rule 21(b). Petitioner ignored multiple deadlines I set for the filing of a supplemental expert report. In each instance I provided her with more than enough time to contact my chambers or file some kind of status report, and also allowed her reasonable extensions of time once she became *pro se*. She was therefore on ample notice of the risks she took not following my orders.

Additionally, Petitioner's claim is reasonably dismissed on substantive grounds. To receive compensation under the Vaccine Act, a petitioner must prove either (1) that she suffered a Table injury, or (2) that she suffered an injury that was actually caused by a vaccine. *See* Sections 11(c)(1), 13(a)(1)(A). An examination of the record, however, shows that M.G. did not suffer a Table injury. Further, the filed medical records do not support her vaccine injury claim. And although Petitioner did offer an expert opinion to support her claim, I informed her not long after its filing that the opinion was too conclusory and/or offered by an expert without knowledge of the dermatologic issues in this case to be sufficient for a favorable entitlement decision. She did not, however, ever supplement that opinion as ordered.

Under the Vaccine Act, a petitioner may not receive an award of compensation based on her claims alone. In this case, there is insufficient evidence for Petitioner to meet her burden of proof. In keeping with Section 11(c)(1)(A), her claim therefore cannot succeed and must be dismissed.

Accordingly, I hereby **DISMISS** Petitioner's case. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[4]

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.

3

IT IS SO ORDERED.

*Brian H. Corcoran*
Special Master